UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MERCER ISLAND SCHOOL DISTRICT,

Plaintiff,

v.

D.M. and M.M., parents of L.M., a minor,

Defendants.

CASE NO. C03-3952JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on Defendants' motion for attorneys' fees (Dkt. # 32) and Plaintiff's motion to dismiss Defendants' attorneys' fees claims (Dkt. # 31). For the reasons stated below, the court RENOTES the Defendants' motion to provide for supplemental declarations from the parties, and DENIES Plaintiff's motion.

## II. BACKGROUND

Plaintiff Mercer Island School District ("District") brought this action for judicial review of portions of a ruling from an Administrative Law Judge ("ALJ") at the Washington Office of the Superintendent of Public Instruction. The ALJ ruled that L.M. (the "Student"), the daughter of Defendants D.M. and M.M. (the "Parents"), had a disability within the meaning of the Individuals with Disabilities Education Act

ORDER – 1

("IDEA"), and granted relief that included special education accommodations and reimbursement for some of the expenses the Parents incurred in providing tutors for the Student.

In December 2004, this court determined that the evidence did not show that the Student had an IDEA-qualifying disability. The court also determined that the District had not met its obligations under the IDEA to timely and appropriately evaluate the Student to determine if she had a disability, and thus the Parents were entitled to reimbursement of some expenses. The Parents, focusing on the latter determination, seek attorneys' fees as the prevailing party in this action.

### III. ANALYSIS

The Parents seek attorneys' fees not only under the IDEA, but also under Section 504 of the Rehabilitation Act (29 U.S.C. § 794) and 42 U.S.C. § 1988 ("§ 1988"). As the court awarded relief solely under the IDEA, it turns first to the IDEA's attorneys' fees provision.

The IDEA permits the court to exercise discretion to award "reasonable attorneys' fees" to "a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). The District contends that because the court held that the Student had no disability, the plain language of the statute dictates that the Parents cannot recover attorneys' fees. The statute defines "child with a disability" as a child who needs special education as a result of one or more defined learning disabilities. 20 U.S.C. § 1401(3)(A)(i)-(ii). The statute also notes, however, that its definitions hold "[e]xcept as otherwise provided" in other portions of the IDEA. 20 U.S.C. § 1401.

Other portions of the IDEA implicitly assign a different meaning to "child with a disability." The IDEA attempts to ensure that schools locate, identify, and evaluate students who might have a learning disability. In building the statutory framework for

ORDER – 2

this process, the IDEA describes these *potentially* disabled students in need of evaluation as "children with disabilities." For example, although a child's status as "child with a disability" is uncertain until evaluation procedures are complete, the IDEA guarantees "parents of a child with a disability" the right to "participate in meetings with respect to the identification, evaluation, and educational placement of the child . . . ." 20 U.S.C. § 1415(b)(1). When a school decides to evaluate a student for a potential disability, the IDEA requires it to notify "the parents of a child with a disability" of procedural safeguards. 20 U.S.C. § 1415(c)(6). The term "child with a disability" appears to encompass, at least in IDEA provisions relating to the evaluation process, children who are merely suspected of having a disability.

The court presumes that identical terms used in different parts of the same statute have the same meaning. Sorenson v. Sec'y of Treasury, 475 U.S. 851, 860 (1986). That presumption must give way, however, where it would lead to results inconsistent with the intent and purpose of the law. Sokha Sun v. Ashcroft, 370 F.3d 932, 939-940 (9th Cir. 2004). Applying the statutory definition of "child with a disability" in IDEA provisions describing the pre-evaluation and evaluation rights of potentially disabled students is inconsistent with the purpose of the IDEA, as it would render those provisions a nullity. Given the IDEA's use of "child with a disability" in defining procedural responsibilities leading up to the initial determination of a child's disability status, the court concludes that a child suspected of having a disability is a "child with a disability" under the IDEA until the child's evaluation is complete, at which time the child is a "child with a disability" only if diagnosed with an IDEA-qualifying disability.

The court must next decide what the term "child with a disability" means as used in the IDEA attorneys' fees provision. Given its dual meaning in the remainder of the IDEA, the court holds that the term can mean either a child with an IDEA-qualifying

ORDER – 3

disability, or a child suspected of having an IDEA-qualifying disability, depending on the context of the dispute at issue. To illustrate, consider two hypothetical sets of parents. The first, frustrated with a school's slow and ineffective evaluation process, can take advantage of their right to challenge school procedures for identifying and evaluating their child under 20 U.S.C. § 1415(b)(6). They can pursue their challenge through a due process hearing under 20 U.S.C. § 1415(f)(1) and ultimately to a district court under 20 U.S.C. § 1415(i)(2)(A). If they were to prevail in their challenge, the parents would be parents of a "child with a disability" because they would have vindicated the child's rights under portions of the IDEA that equate a potentially disabled child with a "child with a disability." A second set of parents, who have no quarrel with school identification and evaluation procedures, can challenge the substantive conclusion that their child is not disabled. If the second set of parents fails to demonstrate in the district court that their child has an IDEA-qualifying disability, they would be neither prevailing parties nor the parents of a "child with a disability," because the portions of the IDEA under which they sought relief require that the child have a disability.

The Parents in this action are an amalgam of these two hypothetical sets of parents. They were successful in challenging the District's procedures for evaluating the Student, but unsuccessful in challenging the District's determination that the Student did not have an IDEA-qualifying disability. Thus, for purposes of determining attorneys' fees, they are "parents of a child with a disability" as to their procedural claims, but not with respect to their substantive claims.

The court will award the Parents their reasonable attorneys' fees expended in successfully challenging the District's failure to timely evaluate the Student, but not fees expended in challenging the District's assessment that the Student was not disabled. From the record before it, which does not differentiate between attorneys' fees incurred in

ORDER – 4

these tasks, the court cannot determine a fee award consistent with this standard. The court directs the Parents to prepare a supplemental declaration setting forth their claimed attorneys' fees in a manner consistent with this order.

Before concluding, the court must address the Parents' claims for attorneys' fees under the Rehabilitation Act and 42 U.S.C. § 1988. Both statutes permit the court to award attorneys' fees to a "prevailing party." 29 U.S.C. § 794a(b); 42 U.S.C. § 1988(b). Whether the Parents could recover under either statute is an open question, but the court need not answer it. The Parents are prevailing parties only with respect to their challenges to the District's improper evaluation of the Student. If the court were to award attorneys' fees under either statute, it would award fees accordingly. See Schwarz v. Sec'y of Health & Human Servs., 73 F.3d 895, 901-02 (9th Cir. 1995) (discussing discretion to reduce fees where party was only partially successful); see also Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 2000) (remanding with instructions to award fees only on successful claims). Therefore, because the Parents' fee claims under the Rehabilitation Act and 42 U.S.C. § 1988 would fare no differently than their claims under the IDEA, the court declines to decide whether attorneys' fees are available to the Parents under either statute.

## IV.  CONCLUSION

For the reasons stated above, the court DENIES the District's motion to dismiss (Dkt. # 31) and directs the Parents to submit a supplemental declaration from their counsel regarding their motion for attorneys' fees (Dkt. # 32). The supplemental declaration shall set forth the portion of counsel's fees attributable to the Parents'

ORDER – 5

successful challenge to the District's evaluation procedures for the Student.[1]  The Parents shall file the supplemental declaration by 4:00 p.m. on April 22, 2005.  The District may file a supplemental declaration in response by 4:00 p.m. on April 29, 2005.  The clerk shall renote the Parents' motion for attorneys' fees (Dkt. # 32) to April 29, 2005.

Dated this 13th day of April, 2005.

JAMES L. ROBART
United States District Judge

---

[1] Parents' counsel identified 43.5 hours spent solely in pursuit of unsuccessful claims. The court finds it extraordinarily unlikely, given the focus of this litigation on whether the Student had a disability, that only 43.5 hours out of the more than 450 hours counsel devoted to this matter were spent on that issue.  If counsel's supplemental declaration does not reflect strong evidentiary support for fees expended on his successful procedural claims as opposed to unsuccessful substantive claims, the court will exercise its discretion to estimate its own apportionment of attorneys' fees.

ORDER – 6