UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MERCER ISLAND SCHOOL DISTRICT,

Plaintiff,

v.

D.M. and M.M., parents of L.M., a minor,

Defendants.

CASE NO. C03-3952JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on Defendants' motion for attorneys' fees (Dkt. # 32). For the reasons stated below, the court GRANTS Defendants' motion in part.

## II. BACKGROUND

In its April 13, 2005 order, the court held that it would grant attorneys' fees to Defendants D.M. and M.M. (the "Parents"), who are the parents of L.M. (the "Student"), a student at a high school within the Mercer Island School District ("District"). In 2004, the court ruled that the Student did not have a disability within the meaning of the Individuals with Disabilities Education Act ("IDEA"). The court also ruled, however, that the District had violated the procedural requirements of the IDEA in failing to timely evaluate the Student for a disability.

ORDER – 1

In its April 13, 2005 order, the court stated that:

> The court will award the Parents their reasonable attorneys' fees expended in successfully challenging the District's failure to timely evaluate the Student, but not fees expended in challenging the District's assessment that the Student was not disabled. From the record before it, which does not differentiate between attorneys' fees incurred in these tasks, the court cannot determine a fee award consistent with this standard. The court directs the Parents to prepare a supplemental declaration setting forth their claimed attorneys' fees in a manner consistent with this order.

Order at 4-5 (April 13, 2005). Parents' counsel has submitted a supplemental declaration, and the District's counsel has submitted a declaration in response.

## III. ANALYSIS

Under well-established law, the "most useful starting point for determining the amount of a reasonable [attorneys'] fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Parents' counsel's hourly rate is $200. The District does not contend that the rate is unreasonable.

The court therefore focuses its analysis on the number of hours "reasonably expended" on the litigation. The court must make an "equitable judgment" (id. at 437) in determining the number of hours, and has "a great deal of discretion" in making that judgment. Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1993). Several factors guide the court in exercising its discretion, including the results of the litigation, the prevailing party's partial success on the merits, and whether counsel spent excessive or unnecessary time on the litigation. Hensley, 461 U.S. at 434-37.

In this case, the most significant obstacle in calculating a reasonable attorneys' fee is Parents' counsel's inability to separate hours spent on his unsuccessful claims from those spent on his successful claims. The court does not fault counsel for his record keeping, as it is undoubtedly difficult (and perhaps impossible) to keep records that

ORDER – 2

anticipate a litigant's future partial success on the merits.[1]  On the other hand, the court finds that counsel's method of separating hours spent in obtaining success is unhelpful. Counsel has calculated successful hours by counting pages of witness' testimony that he alleges addressed successful claims and applying the resulting ratio to the hours he expended in the litigation.  Similarly, he has counted pages of his own briefs to come up with another ratio that he applied to the hours he expended in the litigation.  The court finds this methodology to be arbitrary and unrelated to the Parents' actual success.

In determining attorneys' fees, there is no "precise rule or formula" for making reasonableness determinations, and the court is permitted to "simply reduce the award to account for the [prevailing party's] limited success."  Id. at 436-437.  The court focuses on two factors that guide its reduction in this case.  First, the court finds that counsel expended at least half of his time in this litigation pursuing the unsuccessful claim that the Student had an IDEA-qualifying disability.  The court finds counsel's argument to the contrary unpersuasive.  Second, the court recognizes that in this litigation, as in any litigation, counsel expended significant time addressing "the litigation as a whole," and that such time is not susceptible to a distillation into successful and unsuccessful time. Id. at 435.

With those factors in mind, the court notes that counsel expended 503.85 hours on this litigation, which amounts to $100,770 in attorneys' fees.  Counsel seeks $65,440 as a reasonable attorneys' fee.  The court finds that counsel's request is unreasonable in light of his partial success in this action.  The court instead applies a reduction of 50% to the total fees incurred in this action.  The 50% reduction reflects the court's best approximation of the hours counsel expended on the Parents' successful claims and the

---

[1] Nonetheless, counsel bears the risk that insufficiently detailed time records will result in a lower attorneys' fee award.  See Hensley v. Eckerhart, 461 U.S. 424, 437 n.12 (1983).

ORDER – 3

hours appropriately expended on the litigation as a whole.[2] See Gates, 987 F.2d at 1400 (noting that "percentages are acceptable, and perhaps necessary, tools for district courts fashioning reasonable fee awards."). Here, the 50% reduction results in a reasonable attorneys' fee award of $50,385.

## IV.  CONCLUSION

For the reasons stated above, the court GRANTS the Parents' motion for attorneys' fees in part (Dkt. # 32). The Parents are awarded reasonable attorneys' fees of $50,385.

Dated this 10th day of May, 2005.

JAMES L. ROBART
United States District Judge

---

[2]The District's argues that because the parties agreed to monetary relief of $4,000 to settle the compensatory aspect of the court's ruling that the District did not meet its procedural obligations under the IDEA, a large attorneys' fee award is unjustified. The court disagrees. Even had they prevailed on all aspects of their claims, the Parents had little hope of a large compensatory award. Attorneys' fee provisions in federal statutes exist in part to encourage parties to pursue meritorious claims even when there is little chance of a compensatory award. See, e.g., Hensley, 461 U.S. at 429.

ORDER – 4